```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        V.                  )    CRIMINAL NO. 10-10030-RGS
                            )
ANTHONY BICKERTON,          )
                            )
            Defendant.      )
```

GOVERNMENT'S SENTENCING SUBMISSION

The United States of America, by and through undersigned counsel, hereby submits this sentencing memorandum with respect to defendant Anthony Bickerton ("Bickerton").

I.   PROCEDURAL HISTORY

Defendant Bickerton is a former Stoughton, MA police detective who has pled guilty to a two count Information charging him with violating 18 U.S.C. §1001 (making false statements and representations to FBI) and 18 U.S.C. §1503 (obstruction of justice). The U.S. Probation Department's Presentence report ("PSR")has calculated the Guideline sentencing range to be 10 to 16 months' incarceration. Sentencing is scheduled for May 11, 2010.

In 2008, a cooperating witness ("CW") approached the FBI and described a criminal relationship that he had had with detective Bickerton that spanned more than 10 years.  CW had an extensive criminal record as a thief and drug offender and regularly worked for Bickerton as an informant.  CW stated that

he had previously provided stolen merchandise to Bickerton and, because of his corrupt relationship with Bickerton, CW gained access to law enforcement sensitive information. Accordingly, the FBI began to probe these allegations.

During the course of the FBI's investigation, Bickerton orchestrated the sale of several "stolen" televisions that he received from the CW (through the FBI).  Additionally, Bickerton accepted building materials, such as a pressure washer, from the CW and arranged for the CW to deliver retail store gift cards to numerous individuals. Additionally, Bickerton asked fellow Stoughton police officer Arlindo Romeiro to hide evidence (pressure washer received from CW) at Romeiro's house when Bickerton became concerned with the FBI's investigation.[1]

II.   DEFENDANT'S FACTUAL OBJECTIONS ARE ERRONEOUS

Defendant has made several objections which lack merit and should be rejected.  For instance, he objects to "the CW's allegation that he ran information through RMV databases for the CW".  However, these are not mere allegations by an admittedly dishonest and unreliable CW - this information is based on tape recordings of Bickerton himself.   As set forth in paragraph 18

---

[1] Ultimately, Officer Romeiro resigned and cooperated with the FBI; he also pled guilty to a federal crime (18 U.S.C. §1001) for, inter alia, failing to truthfully disclose his knowledge of Bickerton's corrupt activities.

of the PSR:

> On or about August 27, 2008, BICKERTON met CW at the SPD station.  In an audio and video recorded conversation at the SPD station, BICKERTON explained to CW that he ran the license plates CW provided through the RMV database, but "only one of the five came back." BICKERTON wrote down the name, date of birth and address associated with one of the license plates and gave the slip of paper to CW at the SPD station.

As noted, this meeting (at the Stoughton Police Department) was video taped by the CW - two photos of Bickerton sitting at his police desk are attached hereto as Exhibit A. Moreover, the FBI still has the original slip of paper provided by Bickerton to the CW with the name, date of birth and address of the unsuspecting motorist (a redacted copy is attached hereto as Exhibit B) and the FBI conducted a surveillance of the meeting (see surveillance 302 attached hereto as Exhibit C). Finally, as set forth in FBI S/A David Bell's original complaint affidavit attached hereto as Exhibit D:

> Subsequently, at the request of the FBI, the administrators of the state RMV database conducted an audit of their system to determine if the Massachusetts vehicle registrations provided to BICKERTON by CW were queried by the Stoughton Police Department.  In fact, the results of the audit established that four Massachusetts vehicle registrations previously provided to BICKERTON by CW (from the FBI) were queried at an RMV terminal located in the SPD station on August 26, 2008.

Thus, it is preposterous for Bickerton to contest that he provided confidential RMV information to the CW at the Stoughton Police Department.

Additionally, Bickerton objects to "the information from CW alleging that Bickerton arranged for Lino Azul, an unindicted co-conspirator, to purchase retail store gift cards from the CW." However, the government is not relying on the CW for this information[2] - it comes directly from Bickerton's former Stoughton police colleague - Lino Azul (who has also resigned from the Stoughton police department).  A sealed Exhibit E will be filed separately with this submission which consists of an excerpt of former officer Lino Azul's sworn testimony about this matter.  Former Stoughton police officer Azul has clearly advised the FBI that he obtained these "stolen" gift cards from the CW because he learned of their availability from defendant Bickerton.  Moreover, Azul has made it clear that Bickerton was providing RMV information to the CW and that Bickerton wanted Azul to lie to the FBI if he, Azul, was ever questioned about these matters.

III. CONCLUSION

The United States respectfully requests that the Court sentence defendant Anthony Bickerton to a sentence of 15 months'

---

[2] As noted, the government views the CW as dishonest and unreliable; he is also likely to be charged in this case because he converted some of the gift cards to his own use during the course of the FBI's investigation.

incarceration, a $5000 fine, and a $200 special assessment.

                                      Respectfully submitted,

                                      CARMEN M. ORTIZ
                                      United States Attorney

DATE: May 5, 2010       By:  /s/ Brian T. Kelly
                                      Assistant U.S. Attorney
                                      Chief, Public Corruption Unit


CERTIFICATE OF SERVICE

    I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document was filed on the above date through ECF system, which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing.

    This 5th day of May, 2010.

                                        /s/ Brian T. Kelly
                                        BRIAN T. KELLY
                                        Assistant U.S. Attorney